UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ARTHUR PROPERTIES, S.A., et ano.,

                    Plaintiffs,

            -against-                                      11 Civ. 4409 (LAK)

ABA GALLERY, INC., et ano.,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OPINION

Appearances:

Oleg Rivkin
FOX HORAN & CAMERINI LLP

*Attorneys for Plaintiffs*

Steven M. Edwards
Eva L. Dietz
HOGAN LOVELLS US LLP

Malcolm S. Taub
DAVIDOFF MALITO & HUTCHER LLP

*Attorneys for Defendants*

LEWIS A. KAPLAN, *District Judge.*

During 2007 and 2008, Oleksandr Savchuk, acting through plaintiff Arthur

Properties, S.A. ("AP"), purchased several paintings from defendant ABA Gallery, Inc. ("ABA"),

the principal of which is defendant Anatol Bekkerman.[1]  AP and Savchuk allege that four of the

paintings were not authentic.  They now bring three fraud claims, a breach of warranty claim, and

a rescission claim based on mutual mistake against ABA and Bekkerman.  The mutual mistake

---

[1]      Third Amended Complaint ("TAC") [DI 25] ¶¶ 9, 24.

rescission claim is based also on the theory that many of the other paintings sold to Savchuk were overpriced.

The Court previously dismissed several claims in this action, including those for negligent misrepresentation and unjust enrichment as well as claims based on plaintiffs' alleged "overpricing" theory.[2]  It dismissed also, without prejudice, the fraud claims that are at issue again in the present motion.  The Court assumes familiarity with its prior opinion.

The action is now before the Court on defendants' motion to dismiss the fraud and rescission claims in the Third Amended Complaint ("TAC").

*Discussion*

I.    *Legal Standard*

To survive a Rule 12(b)(6) motion, a plaintiff must plead facts sufficient "to state a claim to relief that is plausible on its face."[3] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[4] The Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor.[5]

For fraud claims to survive a motion to dismiss, "a party must state with particularity

---

[2]

    *Arthur Properties, S.A. v. ABA Gallery, Inc.*, No. 11 Civ. 4409 (LAK), 2011 WL 5910192, at *6 (S.D.N.Y. Nov. 28, 2011).

[3]

    *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[4]

    *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556).

[5]

    *Allaire Corp. v. Okumus*, 433 F.3d 248, 249-50 (2d Cir. 2006).

the circumstances constituting fraud or mistake."[6]   A valid fraud claim must allege "a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury."[7]   A complaint alleging fraud, moreover, must plead facts that give rise to a strong inference of *scienter*.[8]

## II.     Fraud Claims

The Court previously dismissed plaintiffs' fraud claims without prejudice because the prior iterations of the complaint failed to (1) allege "that Bekkerman knowingly or recklessly made any false statement as to [the] authenticity . . . of the paintings," (2) satisfy Federal Rule of Civil Procedure 9(b)'s particularity requirement, (3) allege Bekkerman knew that any of the paintings were not authentic, or (4) allege facts giving rise to a strong inference of *scienter*.[9]

Plaintiffs have attempted to cure these deficiencies with additional allegations in the TAC, but defendants argue that the fraud claims remain deficient because plaintiffs again fail to (1) allege facts giving rise to a strong inference of *scienter*, or (2) satisfy Rule 9(b)'s particularity requirement.[10]

---

[6]

FED. R. CIV. P. 9(b).

[7]

*Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y. 2d 413, 421 (1996); *see also Herzfeld v. JPMorgan Chase Bank, N.A.*, 354 Fed. Appx. 488, 489 (2d Cir. 2009).

[8]

*S.Q.K.F.C., Inc. v. Bell Atlantic TriCon Leasing Corp.*, 84 F.3d 629, 634 (2d Cir. 1996).

[9]

*Arthur Properties, S.A.*, 2011 WL 5910192, at *2-3.

[10]

DI 27, at 9-14.

A.      *Scienter*

The TAC alleges "[o]n information and belief" that Bekkerman "knew that some of the Russian Paintings were not genuine."[11]

Fraud allegations made on information and belief generally are insufficient although there is an exception for claims involving facts peculiarly within the opposing party's knowledge.[12] Even then, however, the plaintiff must allege facts upon which the belief is founded, including specific facts supporting a strong inference of *scienter*.[13] "The requisite 'strong inference' of fraud may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness."[14]

The TAC fails to allege specific facts sufficient to support a strong inference of *scienter*.  It alleges only that "(a) Bekkerman is . . . an expert in Russian art . . . [;] (b) he had sought to dissuade Savchuk from conducting his own expert evaluation of the Russian Paintings; and (c) an expert retained by Savchuk after receipt of the Russian Paintings was able to easily determine that the four paintings, above, were forgeries."[15]  The TAC therefore bases its information and belief allegations of *scienter* on nothing more than the claim that Bekkerman is an expert in Russian art

---

[11]

TAC ¶ 27.

[12]

*See, e.g.*, *Stern v. Leucadia Nat'l Corp.*, 844 F.2d 997, 1003 (2d Cir.), *cert. denied*, 488 U.S. 852 (1988).

[13]

*See, e.g.*, *Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2d Cir. 1990).

[14]

*Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290-91 (2d Cir. 2006) (citation omitted).

[15]

TAC ¶ 27.

5

and should have known that these paintings were not authentic because another expert in Russian art was able to determine that they were forged.

These statements are not "the kind of circumstantial evidence that would indicate conscious fraudulent behavior or recklessness."[16]  Indeed, "[c]onclusory allegations of a[] . . . defendant's skill or experience do[] not satisfy the particularity requirements of Rule 9(b), unless it is specifically shown how or why the expert should have believed the [statements] to be inaccurate."[17]

Accordingly, the allegations in the TAC fail to support a strong inference of *scienter*.


B.      *Rule 9(b)*

Even if the TAC's *scienter* allegations were sufficient – which they are not – the TAC nevertheless would not satisfy Rule 9(b).

The only facts alleged in the TAC that were absent from its predecessor are that Bekkerman spoke with Savchuk about at least some of the paintings and discussed who painted them and what he claimed they were worth at two weddings "in the early summer of 2006 and in the fall of 2007."[18]  At some point during those conversations, Savchuk "said he would like to have

---

[16]

   *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1129 (2d Cir. 1994).

[17]

   *O'Brien v. Price Waterhouse*, 740 F. Supp. 276, 282 (S.D.N.Y. 1990) (citing *Friedman v. Arizona World Nurseries*, 730 F. Supp. 521 (S.D.N.Y. 1990) and *Dannenberg v. Dorison*, 603 F. Supp. 1238, 1241 (S.D.N.Y. 1985)).

[18]

   TAC ¶¶ 17-18.

the paintings analyzed by an expert" and Bekkerman discouraged him from doing so.[19]  Two emails then were exchanged – one listing some of the paintings and another listing all of them.[20]  Around this time, "several [other] conversations" took place in which Bekkerman "again confirmed what he claimed to be the authorship of the paintings, as well as their market value."[21]

These allegations are insufficient.  The TAC gives no information about specific statements regarding the authenticity of various paintings.  Its allegations leave unclear exactly what Bekkerman said when he "spoke at length about the painters who he claimed had authored the paintings."[22]  We are left to wonder also if the authenticity of each painting was discussed,[23] as well as what was said to discourage Savchuk from getting another expert opinion.

The fraud claims therefore are dismissed both for failing to plead facts supporting a strong inference of *scienter* and for otherwise failing to satisfy Rule 9(b).  Although the Court previously dismissed these fraud claims without prejudice, plaintiffs have had enough bites at the apple.  The dismissal therefore is with prejudice "[i]n light of [plaintiffs'] previous opportunities" to cure these deficiencies.[24]

---

[19]
      *Id.* ¶ 18.

[20]
      *Id.* ¶¶ 20, 22.

[21]
      *Id.* ¶ 21.

[22]
      *Id.* ¶ 18.

[23]
      Exhibit B to the TAC lists some of the paintings that allegedly were discussed at the weddings and in subsequent conversations.  Only one of the alleged forged paintings is on that list.  *Id.*, Ex. B.

[24]
      *United States ex rel. Pervez v. Beth Israel Med. Ctr.*, 736 F. Supp. 2d 804, 816 (S.D.N.Y. 2010).

### III.     The "Overpricing" Claim

Plaintiffs' claim for rescission based on mutual mistake rests on the alleged lack of authenticity of some of the paintings as well as the overpriced nature of others.[25]  Defendants argue that this claim must be dismissed insofar as it is based on the overpricing theory because that theory was rejected by the Court in its prior opinion.[26]  Plaintiffs respond that the mutual mistake rescission claim survived the previous motion to dismiss and that the overpricing theory survived insofar as it was alleged as part of that claim.[27]

The Court previously rejected plaintiffs' overpricing theory.  It adheres to the rationale for doing so.[28]  The mutual mistake rescission claim is dismissed insofar as it is based on allegations of overpricing.

### IV.     Rescission Claim

Finally, defendants argue that the balance of the mutual mistake rescission claim should be dismissed in its entirety because the TAC alleges new facts that demonstrate that plaintiffs

---

[25]

TAC ¶ 59.

[26]

DI 27, at 5-7.

[27]

DI 30, at 5-7.

[28]

"[T]he price that a willing buyer and a willing seller would agree to in an arm's length transaction' . . . .  As the complaint alleges no basis for concluding that the fair market value of any of the paintings was anything other than the price that Savchuk willingly paid . . . that aspect of the breach of warranty claims fails as a matter of law." *Arthur Properties, S.A.*, 2011 WL 5910192, at *3 (quoting *United States v. Broad. Music, Inc.*, 426 F.3d 91, 95 (2d Cir. 2005)).

waited too long to allege it.[29]  They note that the TAC alleges that Savchuk first "discovered that four of the Russian Paintings were not authentic in their authorship" in November or December 2008.[30]  Yet AP did not file this action until June 2011, almost two and a half years later.[31]

Plaintiffs argue that the mutual mistake rescission claim is pleaded sufficiently despite this delay because they sought to settle their claims with ABA without resorting to litigation and "'rescission need not be sought until the negotiations collapse.'"[32]  They point to their allegation that "Savchuk made demands to Defendants to have the purchase price for the Inauthentic Paintings Returned.  The demands have been rejected by Defendants."[33]

Defendants are correct that "[a]n action for rescission must be initiated without unreasonable delay."[34]  But "'[o]rdinarily, the question of what is a reasonable time for rescission is a question of fact . . . .'"[35] Although a two and a half year delay may well bar any rescission claim

---

[29]

DI 27, at 7-9 (citing *Asset Mgmt. Assocs. of N.Y., Inc. v. Emerson Telecomm. Prods. LLC*, No. 08-CV-2506, 2011 WL 318100, at *4 (E.D.N.Y. Jan. 25, 2011)).

As the fraud claims are dismissed in their entirety, the Court need not address the rescission claim based on fraud here.

[30]

TAC ¶ 29.

[31]

DI 1.

[32]

DI 30, at 7 (quoting *Int'l Motor Sports Grp., Inc. v. Gordon*, No. 98 Civ. 5611 (MBM), 1999 WL 619633, at *5 (S.D.N.Y. Aug.16, 1999)).

[33]

TAC ¶ 30.

[34]

*Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 47 (2d Cir. 1991).

[35]

*W. Tsusho Co. v. Prescott Bush & Co.*, No. 92 Civ. 3378 (MBM), 1993 WL 228072, at *4 (S.D.N.Y. June 23, 1993) (quoting *Cincinnati Gas & Elec. Co. v. General Elec. Co.*, 656 F. Supp. 49, 66 (S.D. Ohio 1986)), *modified*, 1993 WL 339085 (S.D.N.Y. Aug. 25, 1993).

9

here, that cannot be decided on this motion.

<em>Conclusion</em>

For the foregoing reasons, defendants' motion to dismiss the TAC [DI 26] is granted as to the first, second, and fourth claims for relief and so much of the fifth claim for relief as seeks rescission based on defendants' alleged representations regarding the true market value of the relevant paintings.  The motion is denied in all other respects.

SO ORDERED.

Dated:        July 16, 2012

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)